IN THE
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No: 2: 08-cv-01311-VBF

## STATE COMPENSATION INSURANCE FUND
Appellant

v.

## NANCY ZAMORA
Appellee

In re Jeffrey L. Silverman and Faye J. Silverman, Debtors
United States Bankruptcy Court Case No: 1:05-bk-12807-GM
Nancy J. Zamora, Chapter 7 Trustee v. State Compensation Insurance Fund
Adversary Proceeding Case No: 1:07-ap-01066-GM

# Appellant's Brief

Virginia Hoyt, California Bar No. 148428
1275 Market Street Suite 399, San Francisco, CA 94103
Telephone: 415-565-3899; Facsimile: 415-703-7059
Attorney for Appellant
State Compensation Insurance Fund

# **TABLE OF CONTENTS**

| | |
|---|---|
| Table of Authorities ................................................................................. | 3 |
| Jurisdiction  ............................................................................................. | 5 |
| Statement of  Issues  ................................................................................ | 5 |
| Standard of Review  ................................................................................ | 6 |
| Statement of the Case  ............................................................................. | 6 |
|     A. Parties ............................................................................................. | 6 |
|     B. Nature of the Case  ........................................................................ | 6 |
| Statement of Facts  ................................................................................... | 8 |
| Argument ................................................................................................. | 10 |
| I. Bankruptcy Appellate Decisions By District Courts In Should Be Followed By Bankruptcy Courts In The Same Circuit  ......................... | 10 |
| II. Criminal Penalties Benefit Society As A Whole, Rather Than Benefit A Single Creditor ……………………………………………….. | 12 |
| Conclusion ………………………………………………………………. | 19 |

## **TABLE OF AUTHORITIES**

**Page**

### CASES

Bank of Maui v. Estate Analysis, Inc.,
    904 F.2d 470 (9th Cir. 1990) ……………………………………………   10

Beiger v. United States I.R.S.,
    496 U.S. 53, 57 (1990) ………………………………………………   12

Kelly v. Robinson,
    479 U.S. 36 (1986)……………………………………   8,12,13,14,15,16,17,18

In re Findley,
    BAP No. NC-07-1187 (BAP 9th Cir., April 7, 2008) ………………………   17

In re Mantelli
    149 B.R. 154 (BAP 9th Cir.1993)………………………………………   12

In re Nelson
    91 B.R. 904 (Dist. N.D. Cal. 1988) ……………………………   5,7,11,12,15,18,19

Matter of Vance,
    721 F.2d 259 (9th Cir. 1983)……………………………………..................   13

In re Steiger
    159 B.R. 907 (BAP 9th Cir. 1993)……………………………………….   11

In re Warfel
    268 B.R. 205 (BAP 9th Cir. 2001)……………………………………….   11

In re Windmill Farms, Inc.,
    70 B.R. 618 (9th Cir.(1988)……………………………………………..   11

Zimmer v. PBS Lending Corp. (In re Zimmer),
    313 F.3d 1220 (9th Cir. 2002) ……………………………………………   10

## STATUTES

California Constitution Art. XIV §4……………………………………………  6

Cal. Labor C. § 56 ……………………………………………………………  6

Cal. Ins. C. §11880(a) ………………………………………………………7, 8, 11, 12, 15

Cal. Ins. C. §1871.4(a)(4) ……………………………………………………  8

Cal. Penal C. 1465.8(A)(1) ………………………………………………….. 8, 11, 15

Cal. Penal C. 1202.4 …………………………………………………………  9,10,14,15,17

Cal. Penal C. 1203.3 ……………………………………………………........  9

Cal. Penal C. 1203.4 ……………………………………………………………  9, 13

11 U.S.C. § 547………………………………………………………………  6, 7, 13

28 U.S.C. §158(a) ……………………………………………………………  5

## JURISDICTION

The District Court has jurisdiction to hear appeals from final judgments of a bankruptcy court pursuant to 28 U.S.C. § 158(a). Appellant appeals from the decision of the bankruptcy court denying defendant's motion for summary judgment, granting plaintiff's motion for summary judgment, and entering summary judgment in favor of the plaintiff. Final Judgment, pursuant to Federal Rule of Bankruptcy Procedure, was entered on January 25, 2008. Appellant filed its Notice of Appeal and Statement of Election to have this appeal heard by the District Court on February 1, 2008

## STATEMENT OF ISSUES

1. Whether or not the appellate decision, *In re Nelson*, 91 B.R. 904 (Dist. N.D. Cal. 1988) by the district court in the 9th Circuit is controlling on the issue of Trustee's preference of criminal restitution.

2. Whether or not criminal restitution should be excepted from preference actions.

3. Whether or not the Order denying Defendant State Compensation Insurance Fund's motion for summary judgment should be reversed.

4. Whether or not the Order granting Plaintiff Trustee's motion for summary judgment should be reversed.

## STANDARD OF REVIEW

The standard of review is de novo of legal issues, or mixed law and fact, to determine whether there is a genuine issue of material fact and whether appellant is entitled to judgment as a matter of law.

## STATEMENT OF THE CASE

**A. Parties**

<u>**Appellant/Defendant**</u>:

State Compensation Insurance Fund (State Fund) was established by the California Constitution to ensure that mandatory workers' compensation insurance coverage would be available to California businesses. Cal. Const. Art. XIV §4. The State Fund is a division of the California Department of Industrial Relations and is an agency of the state. California Labor Code §56.

<u>**Appellee/Plaintiff**</u>:

Nancy J. Zamora is the appointed Chapter 7 Trustee for the bankrupt estate of Jeffrey and Faye Silverman.

**B. Nature of the Case**

This case arises from an adversary proceeding brought by the Chapter 7 Trustee against the State Fund to avoid and recover preferential transfer pursuant to 11 U.S.C. 547. The State Fund provided a policy of workers'

compensation insurance to Jeffrey and Faye Silverman (Debtors or Silvermans) for their construction company.  The Los Angeles District Attorney prosecuted the Silvermans, who were convicted of violating California Insurance Code 11880(a), insurance fraud.  The California Superior Court ordered Jeffrey Silverman to pay the amount of $101,531.00, criminal restitution.  The Los Angeles District Attorney sent the check to the victim of the crime, the State Fund.

In the adversary proceeding below, the parties brought competing motions for summary judgment concerning whether criminal restitution is excepted from the bankruptcy preference statute, 11 U.S.C. § 547.  The bankruptcy court, below, adopted a strict constructionist approach, stating that there is no specific statutory provision excepting criminal restitution from avoidance of preferences.  The bankruptcy court chose not to follow a district court bankruptcy appellate decision directly on point, which had followed an integrated reasoned approach determining that federal courts should not interfere with state criminal prosecutions; therefore criminal restitutions are excepted from preference actions.

The bankruptcy court entered Final Judgment for the Trustee, and later stayed enforcement of the Judgment pending this appeal.

## STATEMENT OF FACTS

1. The State Compensation Insurance Fund provided a policy of workers' compensation insurance to Jeffrey and Faye Silverman for their construction company, engaged in special trade contracting in electrical wiring, policy No. 429-130 for the 2002, 2003 and 2004 policy periods.  See Appellant's Appendix, (AA) Ex. 7, p. ___: 2.

2. On January 14, 2005, Felony Complaints were filed in Los Angeles Superior Court, criminal division, indicting the Silvermans for violation of Insurance Code §11880(a) and §1871(a)(4), the crime of insurance fraud.  The Silvermans entered into a plea agreement and were convicted of violation of Insurance Code 11880(a), misrepresentation of fact, insurance fraud.  AA, Ex. 8, pp. 177-179, 181, 258-259.

3. Sentencing of Jeffrey Silverman included probation, community service, and $101,531.00 restitution to the State Fund.  AA, Ex. 8, pp. 177-179.

4. Sentencing of Faye Silverman included probation, 7 days in Los Angeles County Jail, payment of $20.00 court security assessment pursuant to Penal Code 1465.8(A)(1),  community service, payment of

restitution fine of $200.00 pursuant to Penal Code 1202.4(B).  AA, Ex. 8, pp. 125-126

5. A letter dated March 18, 2005, from the Los Angeles County District Attorney's Office, was received by State Fund.  The letter stated that a check in the amount of $101,531.00 was enclosed, and, "The check is payment for a court ordered restitution, in *People v. Jeffrey and Faye Silverman*, Case No. BA 276904."  AA, Ex. 7, p. 131.

6. On April 29, 2005, the Silvermans filed their Petition for Relief under Chapter 7 bankruptcy.  AA, Ex. 1, p. 3.

7. On December 12, 2006, Jeffrey Silverman's probation was terminated pursuant to Penal Code 1203.3, and the case was dismissed pursuant to Penal Code 1203.4.  AA, Ex. 8, pp. 158-163, 173-174.

8. On March 26, 2007, Faye Silverman's probation was terminated and the case dismissed, pursuant to Penal Code 1203.4.  AA, Ex. 8, pp. 237-243, 250-251.

9. It is unknown how much premium would have been due for the workers' compensation services provided to the Silvermans under their workers compensation policy, had they not committed fraud.  An estimate is usually provided to law enforcement by the State Fund of the premium which should have been paid.  The criminal restitution

amount is determined by law enforcement, in consideration of the information from the State Fund.  AA, Ex. 7, p. 127:5.

10. The Chapter 7 Trustee filed a Complaint against the State Fund to avoid and recover preference on April 5, 2007.  AA, Ex. 1, p. 2.

11. The State Fund contacted the Los Angeles County District Attorney's office to discuss the possible consequences of the Trustee's preference action.  The newly assigned prosecutor stated that the felony was reduced to a misdemeanor after the Silvermans completed the conditions of their probation, and the case was closed.  The Silvermans are no longer on probation.  Therefore, the District Attorney can do nothing against the Silvermans, if the Trustee takes back the $101,153.00.  AA, Ex. 7, p. 128:8.

## ARGUMENT

### I. BANKRUPTCY APPELLATE DECISIONS BY DISTRICT COURTS IN SHOULD BE FOLLOWED BY BANKRUPTCY COURTS IN THE SAME CIRCUIT

The Ninth Circuit Court of Appeals has determined that Bankruptcy Appellate Panel (BAP) decisions cannot bind district courts.  *Bank of Maui v. Estate Analysis, Inc.*, 904 F.2d 470, 472 (9th Cir. 1990).  The Ninth Circuit has not determined whether BAP decisions are binding in the circuit as a whole.  *Zimmer v. PBS Lending Corp. (In re Zimmer)*, 313 F.3d 1220,

1225, n.3 (9th Cir. 2002) (noting that the binding nature of BAP decisions is still an open issue in the Ninth Circuit).

Yet, the BAP has held that its decisions bind all bankruptcy courts in the Ninth Circuit. *In re Windmill Farms*, Inc. 70 B.R. 618, 622 (9th Cir. BAP 1987), rev'd on other grounds, 841 F.2d 1467 (9th Cir. 1988). Accordingly, one should expect that a District Court bankruptcy appellate decision in the Ninth Circuit should equally bind all bankruptcy courts in the Ninth Circuit.

Given the fact that bankruptcy courts are adjunct courts of the District Courts, one should be able to rely on District Court bankruptcy appellate decisions to carry at least the same weight as BAP decisions on the lower courts. If appellate decisions in a circuit are not going to be followed by the lower courts in the same circuit, then such decisions have little value beyond the individual parties involved.

The appellate bankruptcy decision, *In re Nelson*, 91 B.R. 904 (Dist. N.D. Cal. 1988) by the District Court in the Ninth Circuit is a well reasoned decision, which has been cited in BAP decisions. *In re Steiger*, 159 B.R. 907 (9th Cir BAP 1993) ("Restitution Orders are not assessed for compensation of the victim, but rather to promote the penal and rehabilitative interests of the State."); *In re Warfel*, 268 B.R. 205 (9th Cir.

BAP 2001) (civil restitution is nondischargeable; cites Nelson favorably); *In re Mantelli*, 149 B.R. 154 (BAP 9th Cir. 1993) ("*Nelson* which involved payment of restitution as part of a criminal sentence is inapposite to the issue of whether a payment made pursuant to a civil contempt order can be a preference.").

*Nelson* follows the U.S. Supreme Court's lead, respecting state criminal court proceedings, by excepting criminal restitution from preference actions. *Kelly v. Robinson*, 479 U.S. 36, 52 (1986)(criminal restitution is nondischargeable). Nelson determined that it would be an absurd result were a Trustee allowed to take money back from the victim, given that criminal restitution is nondischargeable. Accordingly, the Nelson decision on the issue of criminal restitution as an exception to preference actions should be followed by bankruptcy courts in the Ninth Circuit.

## II. CRIMINAL PENALTIES BENEFIT SOCIETY AS A WHOLE, RATHER THAN BENEFIT A SINGLE CREDITOR

There are two principle policy reasons for permitting avoidance of preferential transfers. First, it promotes equality of distribution among creditors. Preference actions prevent the debtor from favoring one creditor over others by transferring property shortly before filing for bankruptcy. *Beiger v. United States I.R.S.*, 496 U.S. 53, 57 (1990). Second, it

discourages aggressive collection methods. *Matter of Vance*, 721 F 2d 259, 260 (9th Cir. 1983).

The facts in this case do not support either policy reason. In the criminal case, the Debtors did not voluntarily favor one creditor over another, when Debtors' were ordered to pay restitution. Nor could the Superior Court's Order in a criminal case be considered an aggressive collection method.

In the underlying preference action, the bankruptcy court found that the elements of a preference were met, as detailed in the Tentative Ruling. AA, Ex. 13, pp. 298-305. The bankruptcy court analyzed the California statutes resulting in criminal restitution as it relates to the elements of a preference action, as did the *Kelly* Court when it analyzed the Connecticut criminal statute as it relates to dischargeability. However, the bankruptcy court analyzed the wrong criminal statutes.

Under 11 U.S.C. §547(b), the trustee may avoid any transfer to or for the benefit of a creditor, for or on account of an antecedent debt, made which the debtor is insolvent, made on or within 90 days before the date of the filing of the petition for relief, that enables such creditor to receive more than such creditor would receive if the transfer had not been made. AA, Ex. 13, p. 299.

The first element to be met in a preference action is that the transfer of money be to or for the benefit of a creditor. At this point, the bankruptcy court acknowledged the *Kelly* Court's reasoning. In *Kelly*, the Supreme Court determined that "The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion." *Kelly v. Robinson*, 479 U.S. 36, 52 (1986).

Then the bankruptcy court proceeds to analyze the California Penal Code §1202.4, concerning restitution to find that such restitution "shall be enforceable as if the order were a civil judgment" and it is "based upon the amount of loss claimed by the victim." The bankruptcy court goes on to assume that "the amount of the restitution did not contain any 'restitution fine,' but was equivalent to the damages suffered by State Fund." AA, Ex. 13, pp. 302. Accordingly, the court considered the criminal restitution to be, simply, compensation for a pecuniary loss, a nondischargeable debt, subject to preference, which Appellant may collect, again, from Debtors at any time in the future.

Now we must look at the facts before the court from the criminal case record. Admittedly, the criminal court record, as provided by the Superior Court, is not easy to review. First, we note that only Faye Silverman was ordered to pay a restitution fine of $200.00 pursuant to Penal Code §1202.4(B). Mrs. Silverman was also required to pay $20.00 court security assessment pursuant to Penal Code 1465.8(A)(1). AA, Ex. 8, pp. 125-126.

It is the sentencing of Jeffrey Silverman that resulted in the payment of $101,531.00 to the State Fund. AA, Ex. 8, pp. 177-179. There is no mention of Penal Code §1202.4. This restitution was determined under the insurance fraud statute for which the Silvermans were convicted. California Insurance Code §11880(A). In order to analyze the insurance code provision as the *Kelly* Court and as the underlying bankruptcy court did, the statute must be examined carefully. The statute appears in the Insurance Code as follows:

**Division 2** Classes of Insurance
**Part 3** Liability, Workers' Compensation and Common Carrier Liability Insurance
**Chapter 4** The State Compensation Insurance Fund
**Article 6. Penalties**

**§11880. False or fraudulent statement for purpose of reducing premium, rate, or cost of workers' compensation insurance; penalty; enhancements**
(a)It s unlawful to make or cause to be made any knowingly false or fraudulent statement, whether made orally or in writing, of any fact material to the determination of the premium, rate or cost of any policy of workers'

compensation insurance issued or administered by the State Compensation Insurance Fund for the purpose of reducing the premium, rate, or cost of the insurance. Any person convicted of violating this subdivision shall be punished by imprisonment in the county jail for one year, or in the state prison for two, three, or five years, or by a fine not exceeding fifty thousand dollars ($50,000), or double the value of the fraud, whichever is greater, or by both imprisonment and fine.

The Superior Court had no choice but to Order imprisonment or a "fine" or both.  Upon conviction for violation of this subdivision, the convicted "shall be punished by imprisonment…or by a fine not exceeding fifty thousand dollars ($50,000), or double the value of the fraud, whichever is greater, or by both imprisonment and fine."

    Jeffrey Silverman was ordered to pay $101,531.00, an amount clearly exceeding $50,000.  Therefore, the amount paid must have been double the value of the fraud.  Thus, it was a penalty, determined by the criminal court.

    The only evidence before the bankruptcy court concerning the amount imposed was that, "an estimate is usually provided to law enforcement by the State Fund of premium which should have been paid.  The criminal restitution amount is determined by law enforcement, in consideration of the information from the State Fund.  AA, Ex. 7, p. 127:5.

    In the *Kelly* analysis, "the victim has no control over the amount of restitution awarded or over the decision to award restitution, which decision "generally does not turn on the victim's injury, but on the penal goals of the

State and the situation of the defendant…they are not assessed 'for …compensation' of the victim." *Kelly*, 479 U.S. at 52-53.

A recent BAP decision went through the same painstaking *Kelly* analysis concerning a State Bar proceeding, finally determining that the cost of the disciplinary action "unambiguously represents the recovery by the State Bar of its own actual expense of investigating and prosecuting the disciplinary action." *In re Findley*, BAP No. NC-07-1187 (BAP 9th Cir. April 7, 2008). "The award consisted of: $56.89, witness fees; $406.80, cost of certifying court documents; $128.25, cost for Review Department transcripts; and $13,463.00, Reasonable Costs Pursuant to Formula Approved by the Board of Governors." Id. at 3. This is a stark contrast from the Silvermans criminal case, wherein the fine to be determined is a formula set by statute.

Finally, the bankruptcy court may be mistaken concerning the right of the victim to pursue payment of restitution, again, from the Debtors because it is a nondischargeable debt. The Silvermans criminal cases were dismissed pursuant to Penal Code §1203.4. AA, Ex. 8, pp. 158-163, 173-174, 237-243, 250-251. Penal Code §1203.4(a) states, "In any case in which a defendant has fulfilled the conditions of probation … the court shall thereupon dismiss the accusations or information against the defendant and

except as noted below, *he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted* …." [emphasis added]

To say that a victim of a crime can still pursue payment of criminal restitution because it is not dischargeable, after having to return the payment to the bankrupt estate, interferes again with the criminal court's order releasing the defendant from "all penalties and disabilities resulting from the offense." And it may not be enforceable. The Los Angeles Deputy District Attorney has indicated that it could do nothing. AA, Ex. 7, p. 128:8.

The *Nelson* Court followed the reasoning set out in *Kelly* that the Bankruptcy Code must be interpreted "in light of the history of bankruptcy court deference to criminal judgments and in light of the interests of the States in unfettered administration of their criminal justice systems." *Nelson*, at 905, citing *Kelly*, 479 U.S. at 44. The court stated,

> If anything, avoidance of restitution obligations is seemingly even more intrusive and disruptive of the state's criminal justice system than discharge of restitution. Far beyond merely extinguishing a debt that ought to be paid in the future, the trustee seeks to recover restitution that has been paid…. Plaintiff's claim would thus turn the state's criminal justice system on its head in a federal bankruptcy proceeding: the state and the crime victim are the defendants, the criminal is the complainant. There can be no doubt that such an ironic and unseemly specter would impose undue burdens and uncertainties on the state (not to mention the victim), would lead to federal

18

> remission of state criminal judgments, and would hamper the sentencing decisions of state judges.

*Nelson*, at 906.

## CONCLUSION

Respect for state court criminal proceedings is at the heart of the cases that choose a reasoned approach to avoid overturning Orders issued by another court. Further, well reasoned District Court bankruptcy appellate decisions need to have some force and effect to provide guidance to the bankruptcy community. Appellant asks this court to reverse the Orders of the bankruptcy court denying summary judgment to the State Fund and granting summary judgment for the Trustee. Appellant requests that this court determine that criminal restitution is excepted from 11 U.S.C. § 547 because criminal restitution penalties are not payments to or for the benefit of a single creditor.